UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDNA McKAY,

                    Plaintiff,

       -against-

SHAWN COREY CARTER,

                    Defendant.

19-CV-8827 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, appearing *pro se*, brings this action against Shawn Corey Carter, the rapper known professionally as "Jay-Z". By order dated October 18, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

      A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)

(holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff, using the Court's general complaint form and invoking the Court's federal-question jurisdiction, brings this action against Shawn Corey Carter, the rapper known as Jay-Z. She apparently believes that Carter is her father and seeks "back pay child support" from him. (ECF No. 2, 6.)

The following facts are taken from the complaint. Plaintiff is being neglected and forced to live in the Jacob Riis Houses, an abandoned New York City Housing Authority (NYCHA) public housing project. When she tries to work, gang members follow her around and "swing there [sic] arms at [her] as if they want to harm [her]. (*Id*. at 5.) Further, New York City Human Resources Administration (HRA) keeps sending her to a program named Carrier Compass that is located in an area of Harlem "filled with drug abusers [and] drug dealers." (*Id*.) HRA is only providing Plaintiff with $91.50 bi-weekly and $192.00 in food stamps monthly. Her father has done nothing to help her, neglecting her and allowing an unidentified man to have sex with her. In addition, unidentified persons "keep following [her], asking for sex." (*Id*.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's complaint must be dismissed as frivolous. Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which she can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court notes that Plaintiff previously filed a complaint against Carter and others that was dismissed as frivolous. *See McKay v. McKay*, ECF 1:18-CV-10907, 4 (S.D.N.Y. Nov. 28, 2018). She also alleged in that complaint that Carter was her neglectful father and sought child support payments from him. Accordingly, the Court finds that Plaintiff was or should have been aware that this complaint lacked merit when she filed it. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Plaintiff is warned that further frivolous or vexatious litigation in this Court will result in an order barring her from filing new actions *in forma pauperis* without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff is warned that further frivolous or vexatious litigation in this Court will result in an order barring her from filing new actions *in forma pauperis* unless she receives prior permission. *See* 28 U.S.C. § 1651. All other pending matters are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: October 25, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge